Reese, J.
delivered the opinion of the court.
In 1837, or before that time, William Feltz and Priscilla his wife departed this life in the county of Dyer, intestate and without issue. His only surviving brother, Henry Feltz, of Virginia, duly empowered Isaac Sampson, Esq. of Dyer county, to institute all proper means to recover his distributive share of the estate of William Feltz. To this end, said Sampson procured the said County Court of Dyer, at their January term, 1838, to make the following order, to wit: “Ordered by the court, that Henderson Clark be appointed administrator of the estate of William Feltz, deceased, and Priscilla Feltz, his wife, deceased; and enter into bond for two thousand dollars, *82 payable on condition as the law directs, and take the necessary oath as administrator.” The bond, however, on that occasion made, although in the penalty of two thousand dollars, did not specify in its conditions that Henderson Clark had been appointed administrator of the estate of William Feltz, but named Priscilla Feltz only; nor was bond at any time given by Clark for administration of the estate of William Feltz. But the records of the County Court of Dyer show that in the actual administration by said Clark, the estates of both William and Priscilla Feltz were included; and defendant Clark had paid.off the debts of William Feltz, deceased, and also had paid off three of the distributees. In this state' of things, and five years nearly after the informal grant of administration on the estate of William Feltz, Pleasant H.-Feltz, his nephew, and next of kin resident within the State, presented his petition to the County Court of Dyer to be appointed administrator of the estate of the said William Feltz. The application was refused by the County Court, and their judgment in that behalf was affirmed, on appeal, in the Circuit Court; to reverse which judgment, the appeal in error has been prosecuted to this court. If bond had been given pursuant to the statute by Henderson Clark as administrator of William Feltz, it would scarcely be contended for the plaintiff, after such a lapse of time, and after so much done towards the final administration of the estate, that it would have been the legal duty of the County Court, upon the mere ground of petitioner’s proximity in blood to the intestate, and without any wrong or default of the defendant, to have removed the latter from the administration, and given the same to the petitioner. But it is urged by the plaintiff, that no bond having been given, Clark, the defendant, cannot be regarded as in any sense administrator of .the estate; and there being no administrator, that the petitioner, as a matter of course, should have been admitted by the County Court into the administration. If this were so, in sheer strictness, it would be upon the ground merely of the want of a bond; but that want being supplied, Clark would present himself as one who, five years before, had been' appointed administrator; who at the time of his appointment wq,s the nominee, in substance, of the *83 nearest of kin to the intestate, and by one degree nearer than the petitioner; who had marshalled the assets and paid the debts of the estate; and out of the surplus had paid the portion of several of the distributees. And so presenting- himself, the County Court would have acted improperly, thrown the estate into confusion, and produced useless litigation, by removing the defendant and appointing the petitioner to the administration. But although in the absence of a bond the court may have regarded the defendant as administrator de facto, surrounded by all the other circumstances indicated, still, until bond actually given, we do not perceive how, under our statute, the court could regard the office of administrator as in strictness filled. We cannot say, therefore, that in the judgment of the Circuit or County Court there has been no error, and we must reverse the judgment and remand the cause to the County Court of Dyer county; and said County Court will grant letters of administration on said estate to the petitioner according to law, unless said Henderson Clark shall enter into bond with sureties to the satisfaction of the County Court, for the faithful administration of said estate; which being done, the plaintiff shall take nothing by his motion, and his petition shall be dismissed.